UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRANCE BERNARD DAVIS,

        Plaintiff,

    -vs-                                        Case No.   14-CV-0704

JAMES G. TOUHEY, JR.,

        Defendant.

## DECISION AND ORDER

The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint. The plaintiff has also filed a number of other motions, including a motion to appoint counsel, a motion for preliminary injunction, a motion for protective order, a motion to appear at hearings, a motion to consolidate cases, a motion for photocopies, and a motion against a conduct report.

The plaintiff has been assessed and paid an initial partial filing fee of $10.50. His motion for leave to proceed *in forma pauperis* will be granted.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at

2

555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3

On June 18, 2013, the plaintiff submitted an administrative tort claim to the United States Department of Justice regarding the alleged acts or omissions of employees of the Wisconsin Department of Corrections and the Wisconsin Department of Justice. Defendant James G. Touhey, the Director of the Torts Branch of the United States Department of Justice responded to the plaintiff's claim in a letter dated September 6, 2013. Touhey informed the plaintiff that it had been determined that the plaintiff's claim was not compensable because it alleged wrongful acts by individuals who are not federal employees and, therefore, the United States could not be held liable under the Federal Tort Claims Act (FTCA). Touhey denied the plaintiff's claim and informed him that if he was dissatisfied with the determination, he could file suit in an appropriate United States District Court no later than six months after the date of mailing of the notification of denial.

First of all, the plaintiff filed his complaint on June 17, 2014, more than six months after the date the notification of denial was mailed. To the extent this complaint is an appeal of the determination, it was untimely.

Second, other than a disagreement with his decision, the plaintiff has made no claims against Touhey, the only named defendant. The plaintiff really appears to be challenging a number of conduct reports he received while a state prisoner at Waupun Correctional Institution. For example, one of his motions asks the court to consolidate all of those conduct reports. The named defendant in this case had no involvement in those conduct report decisions. Touhey simply denied the plaintiff's FTCA claim because the

4

conduct report decisions were not made by employees of the United States Government and, as a result, were not covered by the FTCA. This decision was judicial in function and entitles Touhey to absolute immunity. *See Richman v. Sheahan*, 270 F.3d 430, 435 (7th Cir. 2001).

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

Because the plaintiff's complaint will be dismissed, the Court need not resolve the plaintiff's other motions. They will be terminated.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate the plaintiff's other pending motions (Docket # 4, 5, 6, 7, 8, and 9).

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

5

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $339.50 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 19th day of February, 2015.

                                            **SO ORDERED,**

                                            */s/ Rudolph T. Randa*

                                            **HON. RUDOLPH T. RANDA**
                                            U. S. District Judge